**Yingqiu XU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73534.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 28, 2005.

Yingqiu Xu, Los Angeles, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Larry P. Cote, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: T.G. NELSON, WARDLAW and TALLMAN, Circuit Judges.

MEMORANDUM **

Yingqiu Xu, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing her appeal from the Immigration Judge's ("IJ") denial of her applications for asylum and withholding of removal, and request for relief under the Convention

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

642

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and will uphold the decision unless the evidence compels a contrary conclusion. *Malhi v. INS*, 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition for review.

We conclude that substantial evidence supports the BIA's and IJ's decisions, because Xu's testimony was inconsistent with her asylum application concerning several details that went to the heart of her claim, including details of the harsh treatment that she received in prison, the reason for her release from prison, and whether she was deprived of government housing due to her union activities. *See Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004). Additionally, the IJ's negative assessment of Xu's demeanor was detailed and cited particular examples in the testimony, and thus also supports the adverse credibility finding. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir.1999).

Because Xu failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir.2003).

We decline to address Xu's claim for relief under the Convention Against Torture because she did not exhaust administrative remedies, and the claim was not properly argued in her brief. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004); *Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See*